UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT
02 AUG -1 AM 11:08
TEXAS EASTERN
BY_____

| | |
|---|---|
| 1. Jeanette Bilbay, 2. Larry Bilbay, 3. Crystal Brown, 4. Johnnie Brown, 5. Francenia Bryant, 6. Marilyn Chaney, 7. Sabrina Douglas, 8. Jerry D. Ficke, 9. Joyce L. Ficke, 10. Stacey Franklin, 11. Nancy Gay, 12. V.R. Gay, 13. Kevin Goforth, 14. Allan E. Gordon, 15. Gloria Anne Gordon, 16. Clifford Hardy, 17. Joan Hardy, 18. Rick Hardy, 19. Gwendolyn Hubbard, 20. John H. Hubbard, 21. Bruce Jackson, 22. Frankie Jackson, 23. G.L. Jackson, 24. Greg Jackson, 25. Louis Jackson, 26. James P. Kelly, 27. Mary Langston, 28. Robert Langston, 29. Gail Lusane, 30. Bessie Lyday, 31. Eddie Lyday, 32. Elizabeth Ann McCarthy, 33. Cabrina McKee, 34. Cathy Morales, 35. Rafael Morales, 36. Cleda Richardson, 37. Jeanine Sewell, 38. Jerry Max Sewell, 39. Randall K. Sweat, 40. Tammy Vanlin, 41. Sarah A. Walker, 42. Clifton R. Wilson and 43. Harry Wilson,<br><br>Plaintiffs,<br><br>V.<br><br>1. Union Pacific Corporation, 2. Union Pacific Railroad Company, 3. Katy Industries, Inc., and 4. W.J. Smith Wood Preserving Company,<br><br>Defendants. | CIVIL ACTION NO. __2-02CV-168-TJW__ |

## **COMPLAINT**

COMPLAINT - Page 1

fj07310201.wpd

COMES NOW, PLAINTIFFS, and file this Complaint. This is a civil class action brought for the recovery of personal injury and real property damages, for the remediation of creosote contamination and related toxins presently in, around, and underneath Denison, Texas, and to enjoin Defendants from allowing further contamination, to require Defendants to abate the imminent and substantial risk posed by the contamination, to require Defendants to investigate and remediate the contamination, to reimburse Plaintiffs for the cost they have incurred and will incur, and to recover compensatory and punitive damages. Plaintiffs allege as follows:

## I.

## JURISDICTION AND VENUE

A. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1331, 1332, and 1367, and 42 USC § 9607(a). The amount in controversy exceeds the minimum jurisdictional amount of $75,000.00 exclusive of interests, costs and attorney's fees. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 USC § 1367, as Plaintiffs bring this action pursuant to the Comprehensive Environmental Response Compensation and Liability Act of 1980, as amended, 42 USC § 9601, *et seq.* ("CERCLA").

B. Venue is proper and convenient in the Eastern District of Texas for this action in accordance with 28 USC §1391(b) because the conduct complained of, and the causes of action alleged, occurred and arose in the Eastern District of Texas.

## II.

## PARTIES

**A.** The named plaintiffs file individually and as Class Representatives and are all residents, former residents, and/or land owners in Denison, Grayson County, Texas.

**B.** Union Pacific Corporation is the parent of Union Pacific Railroad Company. Union Pacific Corporation has its principle place of business in Omaha, Nebraska and is incorporated in the State of Delaware. Service can be made on its general counsel, Carl W. Von Bermuth, 1416 Dodge Street, Omaha, Nebraska 68719.

**C.** Union Pacific Railroad Company is incorporated under the laws of the State of Delaware with its principle place of business in Omaha, Nebraska. Service can be made on its general counsel, Carl W. Von Bermuth, 1416 Dodge Street, Omaha, Nebraska 68719.

**D.** Katy Industries, Inc. is incorporated in the State of Delaware with its principle place of business in Middlebury, Connecticut. Service can be made on its general counsel, Amir Rosenthal, 984 Southford Road, Middlebury, Connecticut 06762.

**E.** W.J. Smith Wood Preserving Company is a Katy Industries, Inc. subsidiary with its principal place of business in Middlebury, Connecticut. Service can be made by serving CT Corp Systems, 350 North St. Paul Street, Dallas, TX 75201.

## III.

## CREOSOTE CONTAMINATION OF DENISON, TEXAS

**A.** In 1907, Katy Industries, Inc. predecessor, the Katy Railroad, (a/k/a Missouri-Kansas-Texas Railroad), established a wood, railroad tie and timber processing plant using creosote,

COMPLAINT - Page 3

fj07310201.wpd

pentachlorophenol, and other toxins in Denison, Texas.

**B.** In 1929, the W.J. Smith Wood Preserving Company was established and leased the processing plant from the Katy Railroad and operated the plant until 1991.

**C.** The W.J. Smith Wood Preserving Company later became a Katy Industries, Inc. subsidiary, and Katy was later purchased by Union Pacific.

**D.** Katy Industries and Union Pacific own the land where the wood processing plant once operated. The processing plant is located at 1700 West Morton Street in Denison, Texas, and occupies approximately 80 acres.

**E.** Creosote is not a single chemical, but a complex mixture of numerous compounds. The primary constituents in creosote are polycyclic aromatic hydrocarbons (PAHs). These include, but are not limited to the following: acenaphthene, anthracene, benzo[a]anthracene, benzo[b]fluoranthene, benzo[a]pyrene, chrysene, dibenzo[ah]anthracene, fluoranthene, fluorene, indeno [1,2,3-cd] pyrene, naphthalene, and pyrene. Creosote, pentachlorophenol, and materials of environmental concern identified above were allowed to seep into the ground and escape from the processing plant and were later abandon on former processing plant sites where it has now contaminated the soils and groundwater.

**F.** Widespread on and off-site contamination of creosote, pentachlorophenol, and other materials of environmental concern, as identified above, has occurred and continues to occur including impacting of creeks, aquifers, water impoundments, as well as the surface and sub-surface soils.

## IV.

## CLASS ACTION

The named Class Representatives bring this lawsuit pursuant to Federal Rule of Civil Procedure 23 for all those landowners in Denison, Texas who own land or whose leaseholds have been affected by the creosote contamination and for those persons living in the effected area and who require medical monitoring.. The class is defined as those landowners, and persons who reside and/or work in the area east of U.S. Highway 75, north of Loy Lake Road, south of Morton Street, and west of Highway 91/Armstrong Avenue.

## V.

## CAUSES OF ACTION

A. **CERCLA Cost Recovery, 42 USC § 9607(a).**

1. Defendants are "persons" as defined under 42 USC § 9601(21) of CERCLA.

2. Defendants were and continue to be "owners" and/or "operators" of a "facility" within the meaning of 42 USC §§ 9601(2), 9601(9), and 9607(a).

3. The "facilities" include the W.J. Smith Wood Preserving Company processing plant at 1700 West Morton Street in Denison, Texas.

4. Creosote and pentachloropherol are "hazardous substances" under 40 CFR 302.4(a) and within the meaning of 42 USC § 9601(14).

5. Defendants' operations, acts and omissions at the wood processing plant "facility" caused and continue to cause "releases" of "hazardous substances," creosote and pentachloropherol, into the environment under 42 USC § 9601(22).

6. Defendants are strictly liable under 42 USC 9607(a) because they are current operators of the facility and because they owned or operated the wood processing plant "facility" when "hazardous substances" were stored, used, disposed, or otherwise discharged thereon.

7. The class representatives and Plaintiffs have incurred "response" costs within the meaning of 42 USC §§ 9601(23)-(25). Such costs are necessary costs of response consistent with the National Contingency Plan. Class representatives and Plaintiffs will continue to incur such response costs in the future and are entitled to full reimbursement from Defendants for all such costs under 42 USC § 9607(a).

**B.     Negligence.** Defendants allowed the escape of creosote, pentachlorophenol, toxins and materials of environmental concern to escape and store and/or dispose of such toxins in unlined, earthen pits and lagoons, and failed to:

1. Act reasonably and prudently to prevent the toxic contamination of soil, groundwater, and surface water of Denison, Texas.

2. Warn the Class Representatives and Class Plaintiffs of the hazards and toxins that were disposed of and escaped into Denison, Texas.

3. Properly and adequately create, monitor, and/or maintain the unlined, earthen pits and lagoons, and prevent the leeching and escape of the hazardous toxins.

4. Employee or cause to be employed the best available techniques or technologies for processing, storage, disposition of, and handling of the toxins.

**C. Trespass.** The release of hazardous substances by the Defendants constitute an unauthorized and continuing trespass upon the Class Representatives and Class Plaintiffs' real property causing past and continuing damage for which the Defendants are liable.

**D. Nuisance.** The Defendants' acts or omissions resulted in and continues to result in a nuisance and/or nuisance per se which involves and creates extensive, unreasonable interference with use and enjoyment of Plaintiffs' property and their ability to enjoy good health as a result of the exposure to Defendants' hazardous toxic substances.

**E. Assault and Battery.** Each of Defendants' acts and/or omissions resulted in and/or constitute a repeated and/or continuing toxic assault and battery by an unpermitted intrusion of hazardous toxic substances and compounds onto the Class Representatives and Class Plaintiffs. Such assault and battery, by all Defendants, jointly and severally, have proximately caused injury and damages.

**F. Unjust Enrichment.** The Class Representatives and Class Plaintiffs have and/or will incur the cost of determining the extent of contamination on their property and the cost of restoring their property to its pre-contaminated condition. Defendants owe a duty to determine the full extent of contamination on all property that it does not own and to restore the contaminated property to its pre-contamination condition Defendants have breathed and continue to breathe this duty, and Defendants have been unjustly enriched in that they have had the use of funds that they otherwise should have expended in fulfilling this duty.

## VI.

## GROSS NEGLIGENCE

The acts and/or omissions of each Defendant were the result of the Defendants' conscientious indifference to and/or the willful or wanton disregard of the rights and welfare of the Class Representatives and Class Plaintiffs, whose person and real property was seriously injured by the release and exposure to hazardous toxic substances. Defendants were actually aware of the extreme degree of risk of serious harm to the persons and real property of the Class Representatives and Class Plaintiffs. And this conscientious indifference in exposing the Class Representatives and Class Plaintiffs was a proximate cause of the injuries and damages incurred herein.

## VII.

## DAMAGES

**A.** **Increased Risk of Disease.** The named class representatives have been exposed to Defendants' hazardous and toxic substances in and around their homes and real property. The release and escape of Defendants' hazardous and toxic substances are known to cause significant health problems and illness, including cancer. The named class representatives face an increased risk of contracting significant health problems and disease, including cancer, as a result of their chronic and sometimes acute exposure to Defendants' hazardous substances.

**B.** **Fear of Future Disease.** The named class representatives fear that their exposure to Defendants' hazardous toxic substances will exacerbate their current health problems and/or will cause or contribute to additional health problems, including, but not limited to, cancer.

COMPLAINT - Page 8

fj07310201.wpd

C. **Medical Monitoring.** The named class representatives, the class plaintiffs and those similarly situated have been and continue to be exposed to Defendants' hazardous toxic substances. The named class representatives, the class plaintiffs and those similarly situated face an increased risk of developing additional health problems or illness, including cancer, and therefore need to undergo continual and expensive medical monitoring and testing to permit their early detection and beneficial treatment of any health problem, illness, cancer, or precancerous condition due to their exposure to Defendants' hazardous toxic substances. Such medical monitoring and testing requirements exist and have been established according to accepted medical principles, and such medical monitoring and testing would be beneficial.

D. **Physical And Mental Damages.** The named class representatives have suffered exposure to hazardous toxic substances as a result of the Defendants' acts and omissions, causing past and future health effects ranging from skin irritations to cancer. As a direct result of each Defendants' conduct, the named class representatives have suffered physical injury and mental anguish, past expenses for medical care and will incur future expenses for the necessary care and treatment of the injuries resulting from the Defendants' acts and omissions.

E. **Property Damages.** The contamination of Denison, Texas has resulted in the adverse effect to the value of the named class representatives, the class plaintiffs, and those similarly situated property. Such adverse property damage impact has affected not only the extrinsic value but the rental value as well. Defendants have also caused the loss of the use, possession and enjoyment of the contaminated real property.

**F.     42 USC § 9607(a) Response Costs.** Because of the Defendants' contamination of Denison, Texas Class representatives, the Class Plaintiffs, and those similarly situated incurred "response" costs within the meaning of 42 USC §§ 9601(23)-(25). Such costs are necessary response costs consistent with the National Contingency Plan, 40 CFR 300, and such costs will continue in the future. Class Representatives are entitled to full reimbursement from Defendants for all such costs under 42 USC § 9607(a).

**G.     Exemplary Damages.** The named class representatives, the class plaintiffs, and those similarly situated have experienced mental anguish and/or emotional injury because of the release of the Defendants' hazardous substances. The named class representatives, the class plaintiffs and those similarly situated have lost the use and enjoyment of their real property, diminished value of their real property and have filed this suit to remediate the property of hazardous substances. As a proximate result of the Defendants' acts and omissions the named class representatives, the class plaintiffs, and those similarly situated have suffered physical injury and require medical monitoring all due to the Defendants' grossly negligent and/or intentional acts as alleged herein allowing for the recovery of exemplary damages.

## VIII.

## DISCOVERY RULE AND FRAUDULENT CONCEALMENT

**A.**     The named class representatives, the class plaintiffs, and those similarly situated affirmatively and specially plea that all of the causes of action herein are timely pled and that they are not barred by any statute of limitations.

**B.**     The named class representatives, the class plaintiffs, and those similarly situated affirmatively

and specially plea the discovery rule in response to any claim by Defendants that any of the Plaintiffs' causes of action are barred by the Statute of Limitations. The named class representatives, the class plaintiffs, and those similarly situated neither knew nor should they reasonably have known of the property damages, personal injuries and/or contamination of their own real property until shortly before filing this lawsuit. The named class representatives, the class plaintiffs, and those similarly situated neither knew, nor should they reasonably have known, that the personal injury and property damages were caused or contributed to by the hazardous toxic substances released by the Defendants. The named class representatives, the class plaintiffs, and those similarly situated have only recently learned of the widespread off-site contamination of Denison, Texas.

C. Without waiving the foregoing, the Defendants have fraudulently concealed their wrongful acts, omissions, and pollution of Denison, Texas from the named class representatives, the class plaintiffs and those similarly situated. Defendants' acts and omissions constitute a fraudulent concealment and non-disclosures, thereby rendering these claims timely.

## IX.

## JURY TRIAL REQUESTED

The named class representatives, the class plaintiffs, and those similarly situated request a jury trial on all issues to which they are entitled to trial by jury.

## X.

## PRAYER

The named class representatives, the class plaintiffs, and those similarly situated pray for Judgment in their favor in excess of the minimum jurisdictional limits of this Court for actual

COMPLAINT - Page 11

fj07310201.wpd

damages, for exemplary damages, reimbursement of response costs under 42 USC § 9607(a), pre-judgment interest, cost of suit, post-judgment interest, attorney's fees, and any such other relief to which they may be justly entitled from the Defendants jointly and severally.

    Respectfully submitted,

    LAW OFFICES OF WINDLE TURLEY, P.C.

    _____
    Windle Turley
    State Bar No. 20304000

R. Christopher Cowan
State Bar No. 00787294
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs' Complaint has been served upon all counsel listed below via United States Mail on this 31 day of July, 2002.

Deborah A. Newman
Phelps Dunbar, L.L.P.
3040 Post Oak Boulevard, Suite 900
Houston, TX 77056

Peter K. Munson
Christina A. Tillet
Munson, Munson, Pierce & Cordell, P.C.
123 South Travis Street
Sherman, TX 75090

Norman B. Berger
Anne E. Viner
Varga, Berger Ledsky Hayes & Casey, P.C.
224 South Michigan Ave., Suite 350
Chicago, IL 60604-2507

_____
Windle Turley

COMPLAINT - Page 13

fj07310201.wpd